[Nos. 7498, 7499, 7500, 7501. Decided November 14, 1908.]

TERENCE O'BRIEN, *as Administrator, Respondent,* v. GEORGE
A. WILSON *et al., Appellants.*[1]

ADVERSE POSSESSION—PUBLIC LANDS—LIMITATIONS. Title to school
lands cannot be acquired by adverse possession, and the territorial
act, Bal. Code, § 4807, providing that limitations prescribed for the
commencement of actions shall run against the state, county or other
public corporations, so far as the same gives title to school lands by
adverse possession, is repugnant to the state constitution and to the
acts of Congress providing that school lands shall not be disposed
of except at public auction for full market value paid or secured to
the state.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered January 28, 1908, upon the verdict
of a jury rendered in favor of the plaintiff by direction of
the court, upon stipulated facts and the opening statement of
counsel, in an action of ejectment. Affirmed.

*Jay C. Allen,* for appellants, contended, *inter alia,* that al-
though possession be held in subordination to the title of the
United States, still it may be adverse as to all others. *Moore
v. Brownfield,* 7 Wash. 23, 34 Pac. 199; *Johnson v. Conner,*
48 Wash. 431, 93 Pac. 914; *Mather v. Walsh,* 107 Mo. 121,
17 S. W. 755; *Francoeur v. Newhouse,* 43 Fed. 236; *Hayes
v. Martin,* 45 Cal. 559; *Johnson v. Brown,* 33 Wash. 588, 74
Pac. 677; *McManus v. O'Sullivan,* 48 Cal. 7; *Converse v.
Ringer,* 6 Tex. Civ. App. 51, 24 S. W. 705; *Longley v. War-
ren,* 11 Tex. Civ. App. 269, 33 S. W. 304; *Northern Pac. R.
Co. v. Kranich,* 52 Fed. 911; *Anderson v. Burnham,* 52 Kan.
454, 34 Pac. 1056. Although the lands were school lands,
the statute of limitation ran against the state. *Hibberd v.
Slack,* 84 Fed. 571; *Partee v. Thomas,* 11 Fed. 769; *Chase v.
Cartright,* 53 Ark. 358, 14 S. W. 90, 22 Am. St. 207; *Mc-
Cartin's Exr's. v. Perry's Ex'r.,* 39 N. J. Eq. 198; *Trimble*

[1]Reported in 97 Pac. 1115.

*v. Woodhead*, 102 U. S. 649, 26 L. Ed. 291; *McLeren v. Benton*, 73 Cal. 329, 14 Pac. 879, 2 Am. St. 814; *Mathews v. Durkee*, 34 Fla. 559, 16 South. 411; *Schneider v. Hutchinson*, 35 Ore. 253, 57 Pac. 324, 76 Am. St. 474; *Wyatt v. Tisdale*, 97 Ala. 594, 12 South. 233; *Snyder v. Snover*, 56 N. J. L. 20, 27 Atl. 1013; *School Directors v. Goerges*, 50 Mo. 194; *Hargis v. Township*, 29 Ind. 70; *Northern Pac. R. Co. v. Spokane*, 45 Wash. 229, 88 Pac. 135. The defense of the statutes of limitation is a meritorious defense and will not be given a forced construction to defeat one claiming its benefit. *Ward v. Huggins*, 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285. A judgment on the merits, based upon the opening statement, is justified only when facts are admitted from which it affirmatively appears that there is no defense. *Redding v. Puget Sound Iron & Steel Works*, 36 Wash. 642, 79 Pac. 308; *Brooks v. McCabe & Hamilton*, 39 Wash. 62, 80 Pac. 1004.

*Samuel H. Piles, George Donworth, James B. Howe, C. H. Farrell,* and *Hughes, McMicken, Dovell & Ramsey (Shank & Smith,* of counsel), for respondents. The claim to and entry on the lands under a mistaken belief that they were public lands, would not work a disseizen of the true owner. *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851; *McDaniel v. Sloss Iron & Steel Co.*, (Ala.), 44 South. 705; *Schleicher v. Gatlin*, 85 Tex. 270, 20 S. W. 120; *Norton v. Collins*, 1 Tex. Civ. App. 272, 20 S. W. 1113; *Blum Land Co. v. Rogers*, 11 Tex. Civ. App. 184, 32 S. W. 713. The legislature has no power to dispose of public lands by the enactment of a statute of limitations or otherwise. Enabling Act, § 11; Constitution, art. 16, § 1; *Montana v. Lee*, 2 Mont. 124; *Vansickle v. Haines*, 7 Nev. 249; *King v. Thomas*, 6 Mont. 409, 12 Pac. 865; *Barkley v. United States*, 3 Wash. Ter. 522, 19 Pac. 36; *Northern Pac. R. Co. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. Ed. 1044; *Northern Pac. R. Co. v. Ely*, 197 U. S. 1, 25 Sup. Ct. 302, 49 L. Ed. 639;

*Murtaugh v. Chicago etc. R. Co.*, 102 Minn. 52, 112 N. W. 860, 120 Am. St. 609.

RUDKIN, J.—On the 24th day of May, 1870, the commissioners of King county on behalf of the Territory of Washington selected the land now in controversy as lieu school land, under the act of Congress approved March 2, 1853, entitled, "An act to establish the territorial government of Washington Territory," and the supplemental act of February 26, 1859, entitled, "An act to authorize settlers upon sixteenth and thirty-sixth sections, who settled before the surveys of the public lands, to preempt their settlements." This selection was approved by the secretary of the treasury under date of January 27th, 1872, and by the secretary of the interior on the 4th day of May, 1895. On the 28th day of March, 1896, the land was duly and regularly offered for sale by the state at public auction, in conformity to the laws of the United States and the constitution and laws of the state, and one Thomas Prosch became the purchaser. The sale was regularly approved and confirmed, and the state executed its deed or patent to the purchaser under date of July 25, 1896. On September 5, 1896, Prosch and wife conveyed to John Sullivan, since deceased, and the plaintiff is the administrator of the latter's estate. This action was instituted by the administrator to recover possession of the property and the rents, issues and profits thereof. The complaint was filed February 15, 1906. The defendants pleaded title by adverse possession. At the commencement of the trial, the foregoing facts and others were stipulated, and upon the stipulated facts and the opening statement of counsel, a verdict was directed in favor of the plaintiff. From the judgment entered on this verdict, the present appeal is prosecuted.

We deem it unnecessary to refer to the stipulation of the parties or to the opening statement of counsel further than to say that, for the purposes of this appeal, it will be conceded that the appellants held the land adversely to the respondent

and his predecessors in interest for more than ten years prior to the repeal of Bal. Code, § 4807 (P. C. § 291), which provides that, "The limitations prescribed in this chapter shall apply to actions brought in the name of· the state or any county or other public corporation therein, or for its benefit, in the same manner as to actions between private parties;" and that the appellants have acquired title by adverse possession, if, as a matter of law, title to school lands of the state can be acquired in that way.

By § 10 of the enabling act there was granted to the state sections sixteen and thirty-six in every township, and where such sections or any part thereof had been sold or otherwise disposed of by or under the authority of any act of Congress, other lands equivalent thereto in legal subdivisions of not less than one quarter section, and as contiguous as may be to the sections in lieu of which the same were taken, were granted in lieu of the lands so sold or disposed of. Section 11 of the same act provides as follows:

"That all lands herein granted for educational purposes shall be disposed of only at public sale, and at a price not less than ten dollars per acre, the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of said schools. But said lands may, under such regulations as the legislature may prescribe, be leased for periods of not more than five years, in quantities not exceeding one section to any one person or company; and such land shall not be subject to preemption, homestead entry, or any other entry under the land laws of the United States, whether surveyed or unsurveyed, but shall be reserved for school purposes only."

Sections 1 and 2 of art. 16 of the Constitution, provides as follows:

"Sec. 1. All the public lands granted to the state are held in trust for all the people, and none of such lands, nor any estate or interest therein, shall ever be disposed of unless the full market value of the estate or interests disposed of, to be ascertained in such manner as may be provided by law, be paid or safely secured to the state; nor shall any lands

which the state holds by grant from the United States (in any case in which the manner of disposal and minimum price are so prescribed) be disposed of except in the manner and for at least the price prescribed in the grant thereof, without the consent of the United States.

"Sec. 2.  None of the lands granted to the state for educational purposes shall be sold otherwise than at public auction to the highest bidder; and the value thereof, less the improvements, shall, before any sale, be appraised by a board of appraisers, to be provided by law.  The terms of payment also to be prescribed by law, and no sale shall be valid unless the sum bid be equal to the appraised value of said land.  In estimating the value of such lands for disposal, the value of improvements thereon shall be excluded:  Provided, That the sale of all school and university land heretofore made by the commissioners of any county or the university commissioners, when the purchase price has been paid in good faith, may be confirmed by the legislature."

Section 4807, Bal. Code, under which the appellants claim by adverse possession, was enacted by the territorial legislature long prior to the admission of the state, and was in force in the state only by virtue of section 2 of art. 27 of the Constitution, which provides that, "All laws now in force in the Territory of Washington which are not repugnant to this constitution shall remain in force until they expire by their own limitation, or are altered or repealed by the legislature." If § 4807 should be construed to give title to school lands by adverse possession, in our opinion, it is repugnant to the act of Congress and the sections of the constitution above quoted.

This question was fully considered by the supreme court of Minnesota in *Murtaugh v. Chicago etc. R. Co.*, 102 Minn. 52, 112 N. W. 860, 120 Am. St. 609, where the statute of limitations of that state as applied to state school lands was construed.  In holding that the statute of limitations had no application to such lands, the court said:

"The state accepted the trust, and by its Constitution solemnly covenanted with the United States to apply the granted lands to the sole use of its schools according to the purpose

of the grant, and prohibited the sale of any portion of the granted land except at public sale. Such being the nature of the title of the state to its school lands, it is unthinkable that the legislature intended, by section 12, c. 66, G. S. 1866, and later acts amending it, to provide a way whereby the trust as to any of the school lands might be defeated, and title thereto acquired by adverse possession, contrary to the mandate of the Constitution that title thereto could only be obtained by a public sale thereof.

"The decision in the case of *Northern Pacific Railway Co. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. Ed. 1044, is an interesting and authoritative one. In that case the railway company brought ejectment to recover from the defendant a portion of its right of way, to which the defendant claimed title by adverse possession under the statute of limitations of this state. 84 Minn. 152, 86 N. W. 1007, 87 Am. St. Rep. 342. The Supreme Court of the United States held that, although the plaintiff's right of way, granted to it by the United States, was amenable to the police power of the state, yet an individual could not acquire title to any portion thereof by adverse possession under the statute of limitations of the state. In its opinion the court, after stating that the grant of the right of way was for a specific purpose, said: 'This being the nature of the title to the land granted for the special purpose named, it is evident that to give such efficacy to a statute of limitations of a state as would operate to confer a permanent right of possession to any portion thereof upon an individual for his private use would be to allow that to be done by indirection which could not be done directly.'

"We are, then, of the opinion that, if the statute under consideration must be construed as authorizing the acquisition of title to the school lands of the state by adverse possession, it violates in this respect, not only the terms of the grant, but also the Constitution of the state. We are, however, of the opinion that the statute fairly may be given a construction which is consistent with the terms of the school land grant and the provisions of the state Constitution applicable thereto. If the statute be read in connection with the general and well-understood rule of law that title to public lands cannot be acquired by adverse possession, the history of our school land grant, the nature of the title of the state to its school lands, and the mandates of our Constitution with reference to them,

it is clear upon the face of the statute that the legislature did not intend to provide for the acquisition of the title to school lands by adverse possession. We accordingly hold that title to lands granted to the state of Minnesota for the use of its schools by the United States cannot be acquired by adverse possession, as against the state."

To the same effect, see: *Scofield v. Schaeffer* (Minn.), 116 N. W. 210; *State v. Tanner*, 73 Neb. 104, 102 N. W. 235. See, also, *Northern Pac. R. Co. v. Ely*, 197 U. S. 1, 25 Sup. Ct. 302, 49 L. Ed. 639. In opposition to this case the appellants cite *Schneider v. Hutchinson*, 35 Ore. 253, 57 Pac. 324, 76 Am. St. 474, from the supreme court of Oregon, where it was held that title to school lands of that state might be acquired by adverse possession. There was no limitation on the power of alienation in the act of February 24, 1859, admitting Oregon into the Union, or in the Oregon constitution such as are found in our enabling act, and in the constitution of this state. For this reason the decision is not in point. The same is true of the cases cited from Missouri and Indiana. *School Directors v. Goerges*, 50 Mo. 194; *Hargis v. Congressional Township*, 29 Ind. 70. In the language of the supreme court of the United States:

"This being the nature of the title to the land granted for the special purposes named, it is evident that to give such efficacy to a statute of limitations of a state as would operate to confer a permanent right of possession to any proportion thereof upon an individual for his private use would be to allow that to be done by indirection which could not be done directly;"

and to permit title to school lands in this state to be acquired indirectly by adverse possession would be repugnant to the laws of the United States and the constitution of the state.

The judgment of the court below is therefore affirmed.

The judgments in the following named cases, submitted on the same briefs, are likewise affirmed; viz., Terence O'Brien, as administrator, v. George W. Britain et al.; E. B. Cox In-

vestment Company v. George W. Britain et al.; and M. Cecelia Allen v. George W. Britain et al.

FULLERTON, CROW, and MOUNT, JJ., concur.

HADLEY, C. J., and DUNBAR, J., took no part.