[No. 6231–7–III.   Division Three.   February 7, 1985.]

PIONEER NATIONAL TITLE INSURANCE COMPANY,
*Appellant,* v. THE STATE OF WASHINGTON,
*Respondent.*

*John F. Bury* and *Murphy, Bantz & Bury,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *J. L. Coniff, Assistant,* for respondent.

THOMPSON, J.—Pioneer National Title Insurance Company appeals the summary judgment dismissal of its adverse possession claim or in the alternative recovery for costs of improvements upon real estate. We affirm.

This case concerns a dispute over property located at East 1912 and 1914 Sharp Avenue (Lot 3) in Spokane. In 1889 the property in question was conveyed to the State of Washington as part of its granted school lands. In 1909 the State entered into a real estate contract for the sale of Lot 3 to E. H. Hanson, but the sale was canceled in 1916 for nonpayment of sums due. Subsequent real estate transactions included a gas and oil lease from 1921 to 1926 and a second contract of sale between the State and Charles T. Justice in 1955. That sale agreement likewise was canceled for nonpayment. Notice of the cancellation of that sale was allegedly sent to the Spokane County Treasurer December 19, 1956. Based on County records showing delinquent taxes, Lot 3 was sold at public sale pursuant to a real property tax judgment entered in the Spokane County Superior Court on June 8, 1964. Progress Investors, Inc., purchased the property. In 1973 Mr. and Mrs. Bradley Derr, successors in interest to Progress, constructed a residential duplex on the property.

The State became aware of the presence of the duplex as the result of an inspection of the property by the Department of Natural Resources. The State immediately sent a letter notifying the Derrs of its claimed ownership. Pioneer acquired the property by quitclaim deed January 27, 1982, and thereafter brought this action to quiet title or recover sums expended for taxes paid and improvements made. The trial court granted the State's motion for sum-

mary judgment, finding there were no material issues of fact regarding equitable estoppel, adverse possession, and the claim for improvements.

> A summary judgment motion under CR 56(c) can be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the non-moving party. The motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion.

(Citations omitted.) *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The rationale underlying summary procedures is to eliminate trials where only questions of law remain to be determined. *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 100 Wn.2d 188, 203, 668 P.2d 571 (1983).

Following the State's answer which contained a claim of ownership to the parcel, a request for dismissal with prejudice, and a request for judgment quieting title in itself, Pioneer asserted the defense of equitable estoppel.

Although more complicated than a mere recitation of factors, *Chemical Bank v. WPPSS,* 102 Wn.2d 874, 901 n.7, 691 P.2d 524 (1984), the defensive use of equitable estoppel requires: (1) an admission, statement, or act inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party from allowing the first party to contradict or repudiate such admission, statement, or act. *Finch v. Matthews,* 74 Wn.2d 161, 171 n.3, 443 P.2d 833 (1968).

The doctrine of equitable estoppel is applicable against a state acting in its governmental as well as proprietary capacity when necessary to prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired. *Shafer v. State,* 83 Wn.2d 618, 622, 521 P.2d 736 (1974). The doctrine is not favored, however, and requires that every particular be proved with clear,

cogent and convincing evidence. *Chemical Bank,* at 905.

Pioneer contends that the State violated its fiduciary duty as trustee of school lands by neglecting to be aware of the tax sale and subsequent improvements made upon the property during the 25–year period between the attempted sale of the land in 1956 and the eventual discovery of the improvements in 1981. This alleged breach of duty is analogous, it is argued, to the nonaction in *Conversions & Surveys, Inc. v. Department of Rev.,* 11 Wn. App. 127, 135, 521 P.2d 1203 (1974), which was held to arguably satisfy the first estoppel element. In *Conversions,* the Court of Appeals remanded the issue of whether the State should have been estopped from collecting taxes in 1971 which were assessed but not collected from 1960. Prior to the noncollection, however, the taxpayer had been advised by the State that a hearing was pending. Based on the representation plus nonaction, the court found the taxpayer could have reasonably assumed the matter had been resolved in his favor.

Here, no State advice or communication whatsoever is alleged by Pioneer, and State inaction alone, even if a breach of duty, does not constitute an inconsistent admission, statement or act. In considering all material evidence and reasonable inferences therefrom in favor of Pioneer, no genuine factual questions are present. *Wilson v. Steinbach, supra* at 437. As such, granting summary judgment was appropriate.

Pioneer next contends the trial court erred in denying recovery for the value of improvements as a matter of law based on the proprietary as distinguished from the governmental capacity in which the State held the property.

RCW 4.16.160 provides in part:

[T]here shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: . . .

RCW 7.28.090 provides in part:

RCW 7.28.070 and 7.28.080 [general adverse possession statutes] shall not extend to lands or tenements owned

by the United States or this state, nor to school lands, nor to lands held for any public purpose.

■ These statutory provisions are underscored by well settled case law establishing the rule that property cannot be acquired by adverse possession against the State. *McLeary v. Department of Game,* 91 Wn.2d 647, 652, 591 P.2d 778 (1979); *Commercial Waterway Dist. 1 v. Permanente Cement Co.,* 61 Wn.2d 509, 512, 379 P.2d 178 (1963); *O'Brien v. Wilson,* 51 Wash. 52, 97 P. 1115 (1908) (no adverse possession of lands granted State as school lands); *see also* Stoebuck, *The Law of Adverse Possession in Washington,* 35 Wash. L. Rev. 53, 58 (1960). The governmental–proprietary distinction as to the capacity in which the property is held arises only with regard to claims against counties and municipalities. *Commercial Waterway Dist. 1,* at 512; *Simonson v. Veit,* 37 Wn. App. 761, 766, 683 P.2d 611 (1984). Since the subject matter of this litigation is State–owned property, governmental and proprietary distinctions are immaterial. Adverse possession will not lie in any event.

Pioneer contends it should be allowed to recover under the innocent improver statute which does not require adverse possession per se, but only possession adversely claimed. That statute provides:

> In an action for the recovery of real property upon which permanent improvements have been made or general or special taxes or local assessments have been paid by a defendant, or those under whom he claims, holding in good faith under color or claim of title adversely to the claim of plaintiff, the value of such improvements and the amount of such taxes or assessments with interest thereon from date of payment must be allowed as a counterclaim to the defendant.

RCW 7.28.160.

■ Pioneer is correct in noting the term "adverse possession" is not used in the statute, but an early Washington case compels us to reject this argument. *Skinner v. McCrackan,* 93 Wash. 43, 45, 159 P. 977 (1916), in interpreting Rem. 1915 Code § 797, which was the predecessor

and exact duplicate of RCW 7.28.160, held that a claim for improvements against the United States government was barred by Rem. 1915 Code § 790, the statute denying adverse possession against this State or the United States. That same statute now is RCW 7.28.090.

The trial court properly granted summary judgment. We affirm.

GREEN, C.J., and MCINTURFF, J., concur.