IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WASTE CONNECTIONS OF WASHINGTON, INC., D/B/A LAKESIDE DISPOSAL & RECYCLING COMPANY, | ) ) ) ) ) | No.  35612-4-III |
| Appellant, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| DEPARTMENT OF LABOR & INDUSTRIES and the BOARD OF INDUSTRIAL INSURANCE APPEALS, | ) ) ) ) | |
| Respondents. | ) ) | |

LAWRENCE-BERREY, C.J. — RCW 49.17.140(1) requires an employer wishing to appeal a workplace-safety citation to timely notify the director of the Department of Labor and Industries.  WAC 296-900-17005(2) permits an employer to notify the director by mail, and "[t]he postmark is considered the submission date of a mailed request."

Waste Connections of Washington, Inc. (Waste Connections) timely submitted its notice of appeal by mail, but used insufficient postage. This resulted in the notice being returned to Waste Connections. Then, after the deadline, Waste Connections resubmitted its notice of appeal with sufficient postage.

The primary question is whether "the submission date of a mailed request" implies sufficient postage. We hold that it does. We affirm the superior court's dismissal of Waste Connections' appeal.

FACTS

On February 9, 2015, the Department of Labor and Industries (Department) issued a citation and notice of assessment to Waste Connections for three regulatory violations. Waste Connections signed for the assessment on February 11. The citation specified Waste Connections had 15 working days to appeal from the date of signing for the citation. The parties agree the final date to appeal was March 5.

Waste Connections desired to appeal the citation. On March 2, Waste Connections addressed its notice of appeal to the Department, with directions that it be sent by certified mail. A Waste Connections employee mistakenly placed *first class* postage on the envelope and attempted to send the notice by certified mail. The envelope that contained the notice was postmarked March 2.

2

Because of insufficient postage, the postal service returned the notice to Waste Connections on March 12. Waste Connections resubmitted the notice by certified mail. The envelope that contained the resubmitted notice was postmarked March 13. The Department received the notice on March 17 and deemed the appeal untimely.

At Waste Connections' request, the Department forwarded the appeal to the Board of Industrial Insurance Appeals (BIAA). The BIAA judge (IAJ) held a timeliness hearing. Waste Connections argued that its notice of appeal was timely under RCW 49.17.140, as supplemented by the plain meaning of the Department's own rule. The IAJ disagreed and concluded that the appeal was not timely. The IAJ issued a proposed decision and order with findings of fact and conclusions of law.

Waste Connections filed a petition for review with the BIAA. In its petition, Waste Connections reiterated its prior argument. In addition, Waste Connections argued it "substantially complied" with the notice requirements, and that "good cause" permitted the BIAA to consider the late filing. The BIAA denied Waste Connections' petition and adopted the IAJ's proposed decision and order.[1]

---

[1] The proposed decision and order did not address the substantial compliance and good cause arguments.

No. 35612-4-III
*Waste Connections v. Dep't of Labor & Indus.*


Waste Connections appealed to the Grant County Superior Court. It reiterated its prior arguments. In denying Waste Connections' appeal, the superior court reasoned:

> Notice is required to be accomplished in a manner reasonably calculated to give notice to the Director. *In re Saltis*, 94 Wash. 2d 889, 898, 621 P.2d 716 (1980). Even if the mailing here could be said to comply with a literal reading of the WAC, the court should avoid such a reading because it would be contrary to this purpose.

Clerk's Papers (CP) at 209. In addition, the superior court found that Waste Connections had not sufficiently argued "substantial compliance" or "good cause."

Waste Connections timely appealed to this court.

ANALYSIS

SUBMISSION DATE OF A MAILED REQUEST

Waste Connections does not contest the BIAA's findings of fact. Rather, it argues that the superior court erred in its construction of RCW 49.17.140(1) and WAC 296-900-17005(2). We review the interpretation of regulations and statutes de novo. *Cobra Roofing Serv., Inc. v. Dep't of Labor & Indus.*, 122 Wn. App. 402, 409, 97 P.3d 17 (2004), *aff'd*, 157 Wn.2d 90, 135 P.3d 913 (2006).

The general rules of statutory interpretation are:

> "When interpreting a statute, the court's fundamental objective is to ascertain and give effect to the legislature's intent. We begin with the plain meaning of the statute. In doing so, we consider the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole. If the meaning of the statute is plain on its face, then we must give effect to that meaning as an expression of legislative intent. If, after this inquiry, the statute remains ambiguous or unclear, it is appropriate to resort to aids of construction and legislative history."

*Courtney v. Wash. Utils. & Transp. Comm'n*, 3 Wn. App. 2d 167, 177, 414 P.3d 598

(quoting *Lenander v. Dep't of Ret. Sys.*, 186 Wn.2d 393, 405, 377 P.3d 199 (2016)),

*review denied*, 191 Wn.2d 1002, 422 P.3d 911 (2018). These rules apply to

administrative rules equally as to statutes. *Cannon v. Dep't of Licensing*, 147 Wn.2d 41,

56, 50 P.3d 627 (2002). "This court will avoid a literal reading of a provision if it would

result in unlikely, absurd, or strained consequences." *Id*. at 57.

RCW 49.17.140(1) sets forth a jurisdictional limitation for BIAA and the courts

for hearing an appeal of a WISHA[2] citation:

> If after an inspection or investigation the director or the director's authorized representative issues a citation . . . the department . . . shall notify the employer . . . of the penalty to be assessed under the authority of RCW 49.17.180 and shall state that the employer has fifteen working days within which to notify the director that the employer wishes to appeal the citation or assessment of penalty. *If, within fifteen working days from the communication of the notice issued by the director the employer fails to notify the director that the employer intends to appeal the citation or*

---

[2] Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW.

> *assessment penalty, . . . the citation and the assessment shall be deemed a final order of the department and not subject to review by any court or agency.*

RCW 49.17.140(1) (emphasis added).

The legislature authorized the Department director to promulgate rules to effect chapter 49.17 RCW. *See* RCW 49.17.040. Pursuant to this authority, the Department enacted WAC 296-900-17005, which explains how an employer or employee wishing to appeal a workplace-safety citation notifies the Department.

WAC 296-900-17005(2) permits an employer or employee to notify the Department of an appeal by mail, fax, electronically, or by personal delivery. With respect to notification by mail, the subsection provides: "The postmark is considered the submission date of a mailed request." *Id.*

Both parties argue that the meaning of the rule is plain. Nonetheless, they reach different results. The Department argues the rule requires the notice to be submitted or mailed, and a notice cannot be submitted or mailed with insufficient postage. Waste Connections argues the rule requires only that the postmarked date be within the appeal period. Waste Connections' argument ignores the rule's requirement that the submission be a "*mailed* request."

"Mail" means "to send postal matter by mail." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1361 (1993). Postal matter is not sent by mail unless it has sufficient postage. A person who places an envelope with insufficient postage in the mail knows the envelope likely will be returned, and therefore not sent. We hold that a submission is not "mailed" if the envelope has insufficient postage and is returned to the sender.

This holding is consistent with decisions that require proof of sufficient postage as an element toward establishing an item was mailed. *See, e.g.*, *Lieb v. Webster*, 30 Wn.2d 43, 47, 190 P.2d 701 (1948); *Kaiser Alum. & Chem. Corp. v. Dep't of Labor & Indus.*, 57 Wn. App. 886, 892, 790 P.2d 1254 (1990). This holding also comports with our obligation to construe legislation in a manner that avoids an absurd result. It would be an absurd result to construe a notice requirement satisfied when, because of the sender's mistake, the notice did not reach the recipient.

EQUITY

Waste Connections, citing court rules that permit time extensions for "good cause," argues that equitable principles compel allowing the appeal to proceed. We disagree.

No. 35612-4-III
*Waste Connections v. Dep't of Labor & Indus.*

A court will not grant equitable relief in contravention of a statutory requirement. *Longview Fibre Co. v. Cowlitz County*, 114 Wn.2d 691, 699, 790 P.2d 149 (1990). Here, RCW 49.17.140(1) prohibits the BIAA and courts from exercising jurisdiction to hear an untimely WISHA appeal. We are without authority, through equity or artifice, to expand our jurisdiction.

Affirmed.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

8