IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NORTHHILL RESOURCES, INC., | No. 82605-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR & INDUSTRIES, | |
| Respondent. | |

COBURN, J. — North Hill Resources, Inc. appeals a decision from the Board of Industrial Insurance Appeals concluding that, due to a typographical error in a Department of Labor and Industries e-mail address, the company failed to timely file a notice of appeal for a workplace safety violation citation. We affirm.

FACTS

On December 11, 2018, the Department of Labor and Industries (Department) mailed North Hill Resources, Inc. (North Hill)[1] a citation and notice for a workplace safety violation.[2] The Department did not issue a penalty but directed North Hill to correct the violation by January 3, 2019. The letter also instructed North Hill that it had "15 working days from the date you receive this citation to appeal," a timeline imposed

---

[1] North Hill appears on the docket as "Northhill" but as both parties refer to the company as "North Hill," we defer to this spelling.

[2] The citation related to an alleged failure to implement safeguards for an open grate over a well in violation of WAC 296-155-035(3).

Citations and pin cites are based on the Westlaw online version of the cited material.

by RCW 49.17.140(1).

David Hamacher, Safety Director for North Hill's parent company,[3] received the citation on December 15 or 16, making the deadline for appeal January 8, 2019.[4]  On December 28, North Hill attempted to submit an appeal to the Department's appeals e-mail, "DOSHappeals@lni.wa.gov," but mistakenly included a "q" into the user name,[5] sending it to "DOSHappeaqls@lni.wa.gov".  Hamacher did not receive an e-mail notification that his message was undeliverable.

On January 15, 2019, the Department contacted North Hill to inquire as to whether North Hill addressed the citation violation.  Hamacher responded, noting that he had sent North Hill's response to the Department in December. Shortly thereafter, Hamacher discovered the e-mail address error and notified the Department:

> I just took a very CLOSE look at the email address I sent the appeal, it appears I did not [send the] appeal to [the] proper email address due to a misspelling /error; weird that I never received a mailing error from outlook???

North Hill resubmitted its notice of appeal on January 16, 2019.  The Department received it on January 17, 2019.[6]  The following day, the Department notified North Hill that it received receipt of its notice of appeal, found the appeal to be untimely, and forwarded it to the Board of Industrial Insurance Appeals (Board).

In September 2019, the Board held a hearing solely to determine whether North

---

[3] Hamacher was responsible for monitoring North Hill's worksite and responding to Department citations.

[4] It was irrelevant whether North Hill received the citation on December 15 or 16 because both of these dates fell on a weekend in 2018.

[5] A "user name" is the first part of an email address prior to the @ symbol, while a "domain name" is the second part of an email address.

[6] An employee of the Department received the resubmitted appeal on January 16, and it was forwarded to the appeal supervisor at the Division of Occupational Safety and Health on the 17th.

Hill filed a timely appeal.

At the hearing, North Hill called its information technology manager, Kevin Foster, to testify. Foster testified that while some server systems will respond to an unrecognizable user name by sending a non-delivery message to the sender, that a particular "mailbox" does not exist, other systems do not. It appeared the Department's system was not set up to send alerts for non-deliverable messages. By running e-mail tests, Foster determined that an outgoing e-mail from Hamacher with the incorrect user name but correct domain name would be delivered to the Department's mail system, but he was unable to tell if these messages could be accessed.[7] The Department's web support employee testified that he was unaware what happened to incorrectly addressed e-mails.

After the hearing, the Industrial Appeals Judge issued a Proposed Decision and Order, concluding that North Hill's notice of appeal to the citation was untimely. North Hill filed a Petition for Review, which the Board granted. After review, the Board issued its final Decision and Order dismissing North Hill's appeal, concluding that as North Hill did not send the Department notice of appeal to the correct e-mail address within 15 days of receiving the citation, as required by RCW 49.17.140(1), its appeal was untimely.[8]

North Hill appealed the Board's Decision and Order to Skagit County Superior

---

[7] The Department successfully objected to Foster's testimony that North Hill's appeal email was "received" by the Department, noting that the Department would "stipulate that it was received by the domain name or whatever server that represents, but to say that it was received by the [Department], I believe is incorrect[.]"

[8] One Board member dissented from the decision, arguing that because the Department failed to present evidence that it tracked or confirmed delivery of the citation to North Hill, according to RCW 49.17.140(1), the 15-day limitation period did not start.

Court. After reviewing the record, the court concluded that substantial evidence supported the Board's findings of facts with one modification. The trial court affirmed the Board's decision but modified one finding.[9] North Hill appeals.

DISCUSSION

The legislature enacted the Washington Industrial Safety and Health Act (WISHA) to assure safe labor conditions to an extent equal to or greater than the provisions in the federal Occupational Safety and Health Act of 1970 (OSHA). RCW 49.17.010. The Department may issue citations to employers that violate WISHA's safety standards. RCW 49.17.120(1). The legislature provided employers with a limited appeal procedure:

> If, within fifteen working days from the communication of the notice issued by the director the employer fails to notify the director that the employer intends to appeal the citation or assessment penalty . . . within such time, the citation and the assessment shall be deemed a final order of the department and not subject to review by any court or agency.

RCW 49.17.140(1).

The Department enacted WAC 296-900-17005(2) to explain precisely how an employer must deliver its appeal to the Department's Division of Occupational Safety and Health (DOSH) within 15-working days:

> You must send appeals in any of the following ways:
> - Mail to:
>
> Assistant Director for DOSH Services
> Attn: DOSH Appeals
> P.O. Box 44604 Olympia, WA 98504-4604

---

[9] The Superior Court disagreed with the Board and found that while the notice of appeal was not delivered to the director, "it was delivered to the Department since we do have testimony in the record about the domain being correct and that it was somewhere on the Department's servers between December 28th and January 16th[.]" It nonetheless determined that it was not submitted in a manner reasonably calculated to give notice to the director.

- Fax to: 360-902-5581
- Electronically to: DOSHappeals@lni.wa.gov
- Take to any department service location.

If an employer fails to file a timely WISHA appeal, RCW 49.17.140(1) prohibits the Board or the courts from exercising jurisdiction. Waste Connections of Washington, Inc. v. Dep't of Labor & Indus., 5 Wn. App. 2d 902, 908, 428 P.3d 1224 (2018).

We review a Board decision based on the record presented before the agency. J.E. Dunn Northwest, Inc. v. Washington State Dep't of Labor & Indus., 139 Wn. App. 35, 42, 156 P.3d 250 (2007). We assess the Board's factual findings to determine if they are supported by substantial evidence and support the Board's conclusions of law. Id. This court reviews the interpretation of regulations and statutes de novo. Waste Connections of Washington, Inc. v. Dep't of Labor & Indus., 5 Wn. App. 2d 902, 905, 428 P.3d 1224 (2018).

North Hill asserts several reasons why their appeal should be considered timely. None of them are persuasive.

North Hill first argues that their appeal should be considered timely because it "substantially complie[d]" with the statutory requirements by delivering its appeal to the Department's correct domain name. The substantial compliance doctrine permits certain "procedural imperfections" in complying with procedural rules, "other than those which constitute the most basic steps." Black v. Dep't of Labor & Indus., 131 Wn.2d 547, 552-53, 933 P.2d 1025 (1997) (citations omitted)).

The most basic step of complying with RCW 49.17.140(1) was to provide

*notice* to the Department of North Hill's wish to appeal. WAC 296-900-17005(2) specifically states that if selecting electronic mail delivery, a party *must* send an appeal to DOSHappeals@lni.wa.gov to ensure notice. Contrary to North Hill's characterization that it "dropped of[f]" the appeal at the Department's "electronic mailroom," under these facts, their typographical error was the equivalent of sending the notice of appeal into an unmonitored abyss. The parties do not dispute that North Hill's typographical error sent the appeal to an unrecognizable username and no one at the Department was able to access it. As this court has already ruled, substantial compliance occurs when the Department receives actual notice of an appeal or, alternatively, "in a manner reasonably calculated to give notice." Petta v. Dep't of Labor & Indus., 68 Wn. App. 406, 409, 842 P.2d 1006 (1992). North Hill's misspelled e-mail was not reasonably calculated to reach the Department and thus they failed to meet the requirements for substantial compliance.

North Hill next contends that the Department should be estopped from arguing untimely service because it has "chosen to program its computer system"[10] to not notify senders that their e-mails were undeliverable.

"Equitable estoppel prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied." Silverstreak, Inc. v. Washington State Dep't of Labor & Indus., 159 Wn.2d 868, 887, 154 P.3d 891 (2007). Where a party brings an equitable estoppel claim against the government, the party bears

---

[10] There was no evidence before the Board that the Department made such an election.

the burden to show by "clear, cogent, and convincing evidence" five factors:

> (1) a statement, admission, or act by the party to be estopped, which is inconsistent with its later claims, (2) the asserting party acted in reliance upon the statement or action, (3) injury would result to the asserting party if the other party were allowed to repudiate its prior statement or action, (4) estoppel is "necessary to prevent a manifest injustice," and (5) estoppel will not impair governmental functions.

Id. (citing Kramarevcky v. Dep't of Soc. & Health Servs., 122 Wn.2d 738, 743, 863 P.2d 535 (1993)).

North Hill fails to meet even the first element of the equitable estoppel test. Here, the Department never made a "statement, admission, or act" to North Hill suggesting it received the notice of appeal. North Hill acknowledges in its briefing that it finds fault with the Department's "inaction." Inaction is not a sufficient basis to pursue an equitable estoppel claim against the government. Pioneer Nat. Title Ins. Co. v. State, 39 Wn. App. 758, 761, 695 P.2d 996 (1985) ("State inaction alone, even if a breach of duty, does not constitute an inconsistent admission, statement or act.").

North Hill also claims that the Department failed to comply with RCW 49.17.010 to "equal or exceed" OHSA standards "when processing appeals," asserting that OSHA Directive CPL 02-03-004(VII)(B)(1)(d) and (e) requires OSHA to acknowledge receipt of an appeal. OSHA Directive CPL 02-03-004(VII)(B)(1)(d) and (e) relates to OSHA's processing of appeals for whistleblower complaints. OSHA Directive CPL 02-03-004(VII)(B)(I)(d).[11] This is

---

[11] Occupational Safety & Health Admin., U.S. Dep't of Labor, OSHA Instruction CPL 02-03-004, at 2-3 (effective Sept. 12, 2012), https://www.osha.gov/sites/default/files/enforcement/directives/CPL_02-03-004.pdf.

not applicable to the appeals process for workplace safety violations.

North Hill also complains that OSHA regulations require a regional office to forward an appeal to an appropriate appellate office, and the Department did not set up its system to "forward appeals received to an incorrect recipient to the correct recipient."

WISHA regulations permit employers to send their appeal to "any department service location." WAC 296-900-17005(2). North Hill fails to show that the Department did not comply with an obligation to forward an appeal when received in one office to another as North Hill did not submit their appeal to any "office" at all. That an inaccessible e-mail may have existed somewhere within the Department's internet address domain is not "the equivalent" of submitting an appeal to a regional office.

Finally, North Hill argues that their appeal should be considered timely under an equitable tolling theory because the Department did not comply with RCW 49.17.140(1) in sending the citation in a "method by which the mailing can be tracked or the delivery can be confirmed of the penalty to be assessed." Again, we disagree with North Hill.

A court is permitted, under the equitable tolling doctrine, to allow an action to proceed despite the expiration of a statutory time limit in "appropriate circumstances" such as where an employer "could show that the delay in filing was caused by the agency's deception, the agency's failure to follow proper procedures, or other agency actions that misled or confused the petitioner." Danzer v. Dep't of Labor & Indus., 104 Wn. App. 307, 318, 16 P.3d 35 (2000). In

<u>Danzer</u>, this court found that there was no basis to apply equitable tolling where the Department failed to comply with its own procedural rules because the petitioner could not "identif[y] any Department action that caused its failure to appeal [the citation]." <u>Id.</u> at 317-19.

Similarly to the petitioner in <u>Danzer</u>, North Hill cannot show that the Department's actions, with regard to tracking or confirming delivery of the citation, were relevant to North Hill's failure to comply with the notice requirements as there is no dispute that North Hill received the citation.[12] North Hill is not entitled to the application of equitable tolling.

We affirm the Board's conclusion that North Hill failed to timely appeal the Department's citation.

Coburn, J.

WE CONCUR:

Andrus, C.J.                          Mann, J.

---

[12] We decline to address the State's assertion that the Department is not required to track or confirm delivery for citations issued under RCW 49.17.120 that do not include financial penalties.