# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARMIN W. KAST dba KAST PAINTING & LIGHT CONSTRUCTION, | No. 56436-0-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Respondent. | |

CHE, J.—The Department of Labor and Industries (Department), through its Division of Occupational Safety and Health (DOSH), cited Kast Armin W dba Kast Painting & Light Construction (Kast Painting) for various alleged asbestos-related safety violations. Armin Kast (Kast), as owner, represented Kast Painting in these proceedings. Kast attempted to appeal the citation, but emailed his appeal to an incorrect email address while using the correct email domain. Kast learned of the error and resubmitted his appeal after the required timeframe in RCW 49.17.140(1). The Department received the resubmitted appeal, found it untimely, and referred the matter to the Board of Industrial Insurance Appeals (Board). The Industrial Appeals Judge (IAJ) entered a Proposed Decision and Order (PD&O) dismissing Kast Painting's appeal

as untimely. Kast petitioned for review. The Board denied Kast's Petition for Review and adopted the PD&O as its Decision and Order. Kast appealed to the Lewis County Superior Court. The superior court affirmed the Board.

Kast appeals.

We hold it is a verity on appeal that Kast's first incorrectly addressed email was not delivered to the Department, and Kast's second email did not constitute a timely appeal. We hold that Kast did not substantially comply with the appeal requirements under RCW 49.17.140(1), and the Department is not equitably estopped from arguing that Kast's appeal is untimely. We affirm.

FACTS

Kast is the owner of Kast Painting. Kast represented Kast Painting in the following proceedings. The Department inspected Kast Painting's worksite in Chehalis. The Department cited Kast Painting for various alleged asbestos-related violations. Kast received the citation on December 21, 2018, which informed him that Kast Painting had "15 working days to appeal this citation." Admin. Rec. (AR) at 58. "Fifteen working days from December 21, 2018, was January 15, 2019." AR at 24. On January 8, 2019, Kast sent a notice of appeal to "DOSHApeals@lni.wa.gov." AR at 22. The Department's correct email address for these types of appeals is "DOSHAppeals@lni.wa.gov." AR at 22. Kast left out one "p" in "Appeals." AR at 22. Kast is dyslexic. Kast did not receive notice that his email was undeliverable.

On January 24, 2019, Kast learned that he improperly addressed the email, and then, resubmitted the notice of appeal to the wrong email address again, but carbon copied the Department compliance officer Lisa Van Loo on the later email. The next day, Van Loo

2

forwarded the email to the DOSH appeals inbox.  Later that month, the Department notified Kast Painting that it received the appeal, found the appeal to be untimely, and forwarded the matter to the Board.

The IAJ heard Kast Painting's appeal of the Department citation.  Shawn Ruth, a Department appeal supervisor and records custodian, testified about the Department's proper email address, and the improper email address to which Kast sent his appeal.  The IAJ issued a PD&O dismissing Kast Painting's appeal as untimely.  As part of the PD&O, the IAJ entered unchallenged findings that (1) "The employer used an incorrect email address to submit the appeal, and the appeal was not delivered to the Department"; (2) "On January 24, 2019, Kast Painting and Light Construction re-submitted its appeal by email to the Department.  This appeal was received by the Department on January 24, 2019"; and (3) "Kast Painting and Light Construction's appeal was not properly submitted to the Department within 15 working days." AR at 24-25.

Kast filed a Petition for Review of the PD&O.  The Board adopted the PD&O as its Decision and Order.  Kast then appealed to the Lewis County Superior Court.  The superior court affirmed the Board.

Kast appeals.

## ANALYSIS

### I. INCORRECTLY ADDRESSED EMAIL

Kast appears to argue that the Department actually received Kast's incorrectly addressed email on the day it was sent because "it was properly addressed to the Department's domain

name."[1]  Br. of Appellant at 5.  The Department argues that substantial evidence supports the

Board's finding that the Department did not timely receive the email.  We disagree with Kast.

We review a Board decision based on the record presented before the agency.  *Potelco*

*Inc. v. Dep't of Labor & Indus.*, 191 Wn. App. 9, 21, 361 P.3d 767 (2015).  And we review the

Board's findings of fact for substantial evidence.  *Id*. at 21.  But "[u]nchallenged findings of fact

are verities on appeal."  *Id*. at 22.  We "hold pro se litigants to the same standards as attorneys."

*In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020).

On appeal, neither party assigns error to any of the Board's findings of fact.

Consequently, they are verities.  To that end, the Board adopted the IAJ's findings that (1) "On

January 8, 2019, Kast Painting and Light Construction attempted to submit an appeal to the

Department.  The employer used an incorrect email address to submit the appeal, and the appeal

was not delivered to the Department"; (2) "On January 24, 2019, Kast Painting and Light

Construction re-submitted its appeal by email to the Department.  This appeal was received by

the Department on January 24, 2019"; and (3) "Kast Painting and Light Construction's appeal

was not properly submitted to the Department within 15 working days."  AR at 24-25.

Accordingly, it is a verity that the Department received Kast's appeal for the first time, on

January 24, 2019, and did not receive the first incorrectly addressed email on January 8, 2019.

Kast's argument to the contrary fails.

Even if we were to consider whether substantial evidence supports the Board's findings,

we hold that substantial evidence supports the Board's finding that the Department did not

receive the first incorrectly addressed email.  Kast emailed his January 8 appeal to an incorrect

---

[1] The domain name is the portion of the email address after the @ symbol.

email address. That evidence substantially supports the Board's finding that the Department did not receive that appeal, absent some evidence to the contrary. And there is no evidence that anybody at the Department actually received the first email Kast sent. Nor is there evidence that Kast notified the Department of his appeal, in a manner required by statute, until the email was resent and carbon copied to a Department employee, who forwarded it to the correct DOSH appeal's email address.

Kast's assertion that "the evidence presented before the Board established that the January 8, 2019, appeal emailed to the Department by Kast was received by the Department the same date it was sent" is not substantially supported by the evidence. Br. of Appellant at 9. Kast fails to cite to the record or provide any evidence that the first email was actually received until it was resent after the appeal period expired.

## II. SUBSTANTIAL COMPLIANCE

Kast argues he substantially complied with the appeal requirements under RCW 49.17.140(1). We disagree.

"We review the interpretation of regulations and statutes de novo." *Waste Connections of Wash., Inc. v. Dep't of Labor & Indus.*, 5 Wn. App. 2d 902, 905, 428 P.3d 1224 (2018). When an employer violates the Washington Industrial Safety and Health Act safety standards, the Department may issue citations. RCW 49.17.120(1). Employers must appeal citations within a limited timeframe:

> If, within fifteen working days from the communication of the notice issued by the director the employer fails to notify the director that the employer intends to appeal the citation or assessment penalty, and no notice is filed by any employee or representative of employees under subsection (4) of this section within such time, the citation and the assessment shall be deemed a final order of the department and not subject to review by any court or agency.

RCW 49.17.140(1). An employer may submit its appeal "Electronically to: DOSHappeals@lni.wa.gov." WAC 296-900-17005(2). When an employer fails to timely appeal a citation, the Board and the courts are stripped of jurisdiction to adjudicate the matter under RCW 49.17.140(1). *Waste Connections of Wash., Inc.*, 5 Wn. App. 2d at 906.

A party may substantially comply with a procedural rule by engaging in "'actual compliance in respect to the substance essential to every reasonable objective of [the] statute.'" *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997) (internal quotation marks omitted) (alteration in original) (quoting *City of Seattle v. Pub. Emp't Rels. Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991)). In *Black*, our Supreme Court analyzed whether the appellant substantially complied with RCW 51.52.110, which occurs when "'(1) the director received actual notice of appeal to the superior court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director.'" *Id*. at 553 (quoting *In re the Indus. Ins. Claim of Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980)). Our Supreme Court held that service on the assistant attorney general assigned to represent the Department in that matter was reasonably calculated to give timely notice of the aggrieved worker's appeal to the Department, the interested party. *Id*. at 554.

As discussed above, there were unchallenged findings showing that there was not actual compliance in this matter. The question is then whether sending an email to an incorrect email address, but using the correct email domain, is reasonably calculated to give the Department notice of the employer's appeal. We determine it is not. Sending an email to an incorrect address is like sending an email into the abyss. There is no evidence that the Department received that email. There is no evidence in the record that the Department receives or reviews

every email sent to its email domain regardless of the username[2] used. Under these circumstances, we hold that Kast's misspelled email was not reasonably calculated to give the Department notice of the appeal, and therefore, Kast did not substantially comply with RCW 49.17.140(1).

### III. EQUITABLE ESTOPPEL

Kast argues that the Department should be estopped from arguing that a defect in service constitutes an untimely appeal because (1) the Department did not notify Kast when he sent his email to the wrong address, (2) the Department impliedly accepted the appeal based on Kast's extensive history with the Department, and (3) the Department actually received the incorrectly addressed email on the date it was originally sent. We disagree.

"Equitable estoppel prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied." *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 887, 154 P.3d 891 (2007). To assert equitable estoppel, the moving party must establish, by clear cogent, and convincing evidence, the following five elements:

> (1) a statement, admission, or act by the party to be estopped, which is inconsistent with its later claims; (2) the asserting party acted in reliance upon the statement or action; (3) injury would result to the asserting party if the other party were allowed to repudiate its prior statement or action; (4) estoppel is "necessary to prevent a manifest injustice;" and (5) estoppel will not impair governmental functions.

*Id*. at 887 (quoting *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993)).

---

[2] The username is the portion of the email before the @ symbol.

State inaction alone does not satisfy the first element of equitable estoppel because it is not "an inconsistent admission, statement or act." *Pioneer Nat. Title Ins. Co. v. State*, 39 Wn. App. 758, 761, 695 P.2d 996 (1985). In *Pioneer Nat. Title Ins. Co.*, Pioneer argued that the State's "act" was "that the State violated its fiduciary duty as trustee of school lands by neglecting to be aware of the tax sale and subsequent improvements made upon the property." *Id.* at 761. The court rejected that argument, ruling that State inaction alone, even if a breach of duty, did not satisfy the first prong of the equitable estoppel test. *Id.*

Here, Kast does not show an inconsistent admission, statement, or act on the part of the Department that Kast relied on in failing to file a timely appeal. Rather, Kast argues that the State's inaction in failing to create a notification system to warn appellants that their erroneously addressed appeals were undeliverable was sufficient to equitably estop the Department from arguing that Kast's appeal was untimely. But, as in *Pioneer*, mere inaction cannot satisfy the first prong of equitable estoppel. Because Kast cannot show the first prong of equitable estoppel, the Department is not equitably estopped. Nevertheless, we choose to briefly address Kast's other arguments.

Kast next argues that "[b]ased on extensive history in submitting reports and other filings with the Department and the follow up acknowledgement of receipt or notice of non-delivery, delivery and receipt could be implied by Kast's action in submitting the Appeal." Br. of Appellant at 13. Further, Kast alleges that he regularly received an electronic acknowledgment from the Department when he submitted reports and filings. But Kast fails to cite the record in support of his argument. Based on our review, there is no evidence in the record regarding

Kast's claims about his extensive history with the Department,[3] and therefore, we cannot review this argument.[4]

Kast also argues that the Department should be estopped from arguing untimely service because the Department actually received the email on the day it was sent. But, as addressed above, it is a verity on appeal that the Department did not receive Kast's improperly addressed email on the day it was first sent. *See supra* Part I.

Consequently, we hold that the Department is not equitably estopped from arguing that Kast's appeal is untimely.

CONCLUSION

We hold it is a verity on appeal that Kast's first incorrectly addressed email was not delivered to the Department, and Kast's second email did not constitute a timely appeal. We hold that Kast did not substantially comply with the appeal requirements under RCW 49.17.140(1), and the Department is not equitably estopped from arguing that Kast's appeal is untimely. We affirm.

---

[3] Kast testified about his experience with other emails coming back to him, but it was not specific to the Department.

[4] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). We note that even if we were to review this argument, had Kast produced evidence that he received acknowledgements regarding receipt or nondelivery of his emails to the Department in other Department matters, a lack of acknowledgement after his January 8 filing would have put Kast on reasonable notice that the Department had not received Kast's January 8 filing such that he would still have had time to file a timely appeal.

No. 56436-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, A.C.J.

Price, J.